IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,950-02






EX PARTE SAMUEL HARROL SMITH,


AKA PEE WEE SMITH, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. CR17631 IN THE 75TH DISTRICT COURT

FROM LIBERTY COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

 Applicant contends that his sentence should have discharged. On October 8, 2008, we
remanded this application and directed the trial court to make findings of fact as to "whether
Applicant is eligible to earn street time credit, and if so, whether he is entitled to credit for his time
spent on release." We also directed the trial court to make findings "as to whether Applicant is
receiving the proper amount of credit for that time." On remand, Charley Valdez at the Texas
Department of Criminal Justice-Classification and Records filed an affidavit stating that when 
Applicant was released on mandatory supervision on August 17, 2007, he owed 2 years, 3 months
and 12 days on his sentence, and that he had a discharge date of November 22, 2009. Based on this
affidavit, the trial court concluded that Applicant "received the correct amount of jail credit" and
recommended that this Court deny relief. 

 We believe that the trial court's findings are not supported by the record. Mr. Valdez's
affidavit only establishes when Applicant was released on mandatory supervision, what he owed on
his sentence when he was released, and what his discharge date was when he was released. 
Accordingly, the trial court shall order the Texas Department of Criminal Justice's Office of the
General Counsel to file a second affidavit listing Applicant's sentence begin date and the dates of
issuance of any parole-revocation warrants leading to the revocation of his parole or mandatory
supervision. The affidavit shall address how much time was remaining on this sentence on the
date(s) Applicant was released on parole or mandatory supervision, and how much time Applicant
spent on release before the issuance of the revocation warrant(s). The affidavit shall state whether
Applicant is receiving credit for any of the time he spent on parole or mandatory supervision. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code Crim.
Proc. art. 26.04.

 The trial court shall make further findings as to whether Applicant is eligible to earn street
time credit, and if so, whether he is entitled to credit for his time spent on release. The trial court
shall also make findings as to whether Applicant is receiving the proper amount of credit for that
time. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 25, 2009

Do not publish